**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FANN CONTRACTING, INC., | ) |
| Appellant, | ) Case No.: 2:19-cv-00716-GMN |
| vs. | ) |
| | ) **ORDER** |
| GARMAN TURNER GORDON LLP., | ) |
| Appellee. | ) |

Pending before the Court is Appellee Garman Turner Gordon LLP's ("Appellee's") Motion to Dismiss, (ECF No. 5). Appellant Fann Contracting Inc. ("Appellant") filed a Response, (ECF No. 7), and Appellee filed a Reply, (ECF No. 11).

Also pending before the Court are Appellant's Motion to Extend Time to File Opening Brief, (ECF No. 6), and Motion to Consider Exhibit 548, (ECF No. 20). Appellee filed Responses, (ECF Nos. 10, 21), and Appellant filed Replies, (ECF Nos. 12, 25).

For the reasons discussed below, the Court **DENIES** Appellee's Motion to Dismiss; **GRANTS** Appellant's Motion to Extend Time; and **DENIES** Appellant's Motion to Consider Exhibit 548.

**I.     BACKGROUND**

On April 15, 2019, the United States Bankruptcy Court for the District of Nevada entered an Order granting Garman Turner Gordon LLP's Application for Entry of Order Approving Contingency Fee and Reimbursement of Expenses for the Period of January 5, 2016 Through September 30, 2018. (Order, Ex. 1 to Not. Appeal, ECF No. 1-2). Appellant then appealed the Bankruptcy Court's Order to this Court, and filed its Notice of Appeal on April 25, 2019. (Not. Appeal, ECF No. 1). On May 22, 2019, the Court received the Certificate of

Readiness from the Deputy Clerk of the U.S. Bankruptcy Court based the completion of the Statement of Issues, Designation of Record, and transcripts. (Not. Appeal, ECF No. 1); (Cert. Readiness, ECF No. 3).

Roughly one month after the Court received the Certificate of Readiness, Appellee filed its instant Motion to Dismiss on the ground that Appellant had not timely filed its Opening Brief. (Mot. Dismiss 1:26–2:1, ECF No. 5). The next day, Appellant filed a Motion to Extend Time, which requested an extension of three weeks to file its Opening Brief. (Mot. Extend Time 1:24–2:2, ECF No. 6). Appellant also filed a Motion for the Court to consider an additional exhibit ("Exhibit 548") as part of its review of the Bankruptcy Court's decision. (Mot. Consider Exhibit 548, ECF No. 20).

## II. DISCUSSION

### A. Motion to Dismiss and Motion to Extend Time

Federal Rule of Bankruptcy Procedure 8018(a) states that, unless a district court provides otherwise, "[t]he appellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically." Fed. R. Bankruptcy P. 8018(a)(1). As a consequence for failing to file a brief on time, "an appellee may move to dismiss the appeal—or the district court . . . after notice . . . may dismiss the appeal on its own." Fed. R. Bankruptcy P. 8018(a)(4); Fed. R. Bankruptcy P. 8003(a)(2).

The original deadline for Appellant's opening brief in this appeal was June 21, 2019. Appellee consequently filed its instant Motion to Dismiss on June 28, 2019, when Appellant had yet to file its Opening Brief by that time. In Appellant's Motion to Extend Time, however, Appellant states that its delay arose from its expectation that the Court would enter a briefing schedule, as it had done in other bankruptcy appeals in this District and in line with Rule 8018(a)(1)'s language that the 30-day deadline applies unless a district court specifies different time limits. (Mot. Extend Time 2:13–21); (Resp. 3:4–7, ECF No. 7). Appellant accordingly

now requests a three-week extension (from June 21, 2019, to July 19, 2019) to submit its Opening Brief "based upon its incorrect determination of the deadline." (Mot. Extend Time 1:24–26, 3:13–16).

Federal Rule of Bankruptcy Procedure 9006 applies to Appellant's requested extension of time. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 383 (1993) (noting that "Rule 9006 is a general rule governing the . . . enlargement . . . of periods of time prescribed in other bankruptcy rules"). Rule 9006(b)(1) states that, if an extension is sought after the relevant time period expires, a court may permit an enlargement of time when the failure to act "was the result of excusable neglect." Fed. R. Bankruptcy P. 9006(b)(1). The relevant factors in finding excusable neglect and permitting an extension are: (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). No single factor is dispositive; and courts avoid using a *per se* rule in applying these factors to specific circumstances. *See Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004).

Here, all *Pioneer* factors but the third weigh in favor of Appellant's extension of time to file its Opening Brief. First, Appellant states that "the underlying issue in this case is the amount of [Appellee's attorneys' fees]. . . . [and] [t]hese fee have already been paid." (Reply 4:13–15, ECF No. 12). Next, the requested delay of roughly three weeks is minimal and does not pose difficulties with this case. Moreover, Appellant timely complied with the requirements to file its notice of appeal, designations of record, and statement of issues. With the last factor, Appellant provides a declaration stating that counsel "repeatedly checked the docket to confirm that no briefing schedule had been set" as is usually done in this District. (Decl. Blakeley Griffith ¶¶ 3–5, Ex. 1 to Mot. Extend Time, ECF No. 6-1). Counsel's

continued attention to the docket represents its willingness to comply with a deadline from the Court, once one was set. The last factor weighs against Appellant's requested extension because its ability to file an Opening Brief was counsel's error in assuming that it needed to wait until the Court issues a briefing schedule. Nevertheless, the Court does not find this single factor to outweigh the others in light of Appellant's diligence in otherwise pursuing this matter.

In addition to the factors for excusable neglect provided in *Pioneer*, Appellant contends that the Court's analysis of Appellee's Motion to Dismiss should also consider other factors applicable to dismissing an action for failure to prosecute. (Reply 6:4–8:3, ECF No. 12). The additional factors concern the public's interest in expeditious resolution of litigation, the public policy favoring the disposition of cases on their merits, and the availability of less drastic sanctions. (*Id.*); *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994).

These additional factors further the Court's finding that Appellant's actions do not warrant dismissal of this appeal based on the late-filed Opening Brief. *In re Lish*, No. 2:12-CV-02204-APG, 2013 WL 4006603, at *1 (D. Nev. Aug. 5, 2013) ("Generally, a procedural violation of a bankruptcy rule is insufficient to warrant dismissal and a district court should consider alternative sanctions"). Appellant has litigated this case both in this Court as a prior appeal and with the Bankruptcy Court on remand. The policy of adjudicating the matter on its merits thus strongly directs against dismissal. Additionally, Appellee did not move for sanctions other than dismissal, such as attorney's fees and costs associated with the delay or the filing of its Motion; and the Court finds dismissal too drastic of a sanction for Appellant's minimal delay here. *Cf. In re Eisen*, 31 F.3d at 1455 (finding that the bankruptcy court appropriately found lesser sanctions than dismissal, like monetary penalties, to be insufficient based on a four-year delay and repeated late filings).

Though the Court does not dismiss this appeal, going forward Appellant is now warned that complete reliance on assumptions for deadlines is improper. Uncertainty about deadlines

should command a request for clarification, not inaction. Further failure to follow deadlines in this matter—and in this District—is at Appellant's peril.

### B. Motion to Consider Exhibit 548

Appellant moves for the Court's acceptance of Trial Exhibit 548 as a demonstrative exhibit for consideration in this appeal. According to Appellant, Exhibit 548 "simply takes information contained in the Current Fee Application and combines it into separate charts." (Mot. to Consider Proffered Exhibit 1:26–27, ECF No. 20). Though this Exhibit was not admitted during the Bankruptcy Court's proceedings, Appellant claims that it "proffered" this Exhibit and thus should be considered by this Court for ease of reference to other evidence in the admitted record. (*Id.* 1:21–23, 2:4–6). In response, Appellee argues that Appellant never formally "proffered" Exhibit 548 to the Bankruptcy Court. (Resp. 4:4–10). Further, Appellee points to excerpts in the Bankruptcy Court's Trial Transcript showing that the Bankruptcy Court rejected Exhibit 548's admission without additional testimony to support its reliability and accuracy, which Appellant did not later provide or correct. (*Id.* 4:11–14).

The Court's review of the Bankruptcy Court's decision focuses on whether findings are supported by the record. *Cf. In re Warren*, 568 F.3d 1113, 1116 (9th Cir. 2009); *In re O'Bannon Plaza LLC*, 523 B.R. 720, 725 (D. Nev. 2014). As Appellee points out, the Bankruptcy Court's underlying decision relied on "all evidence and arguments made, proffered or adduced at the hearings held before the Court during the pendency of the Chapter 11 Case, including at the Hearing." (Resp. 4:11–14); (Order at 884, Tab 29 to Excerpt of Record, ECF No. 18-7). With Appellant's Exhibit 548, Appellant does not show where in the record the Bankruptcy Court officially considered Exhibit 548's admissibility, nor where Appellant formally "proffered" Exhibit 548 for the Bankruptcy Court's scrutiny. Accordingly, the Court denies Appellant's motion to essentially supplement the record on appeal with its demonstrative exhibit. *See In re Morabito*, 596 B.R. 718, 722 (D. Nev. 2019) (striking exhibits attached to an opening brief

"because these exhibits and portion of Appellant's opening brief were not considered by the Bankruptcy Court at the time it made the decisions relevant to this appeal . . . .").[1]

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Appellee's Motion to Dismiss, (ECF No. 5), is **DENIED**.

**IT IS FURTHER ORDERED** that Appellant's Motion to Extend Time to File Opening Brief, (ECF No. 6), is **GRANTED** *nun pro tunc*.

**IT IS FURTHER ORDERED** that Appellant's Motion to Consider Exhibit 548, (ECF No. 20), is **DENIED**.

**DATED** this __4__ day of October, 2019.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[1] Because Exhibit 548 is a compilation of evidence that has already been admitted in the record, Appellant states that its Opening Brief and Reply Brief include appropriate citations to the admitted evidence just in case the Court does not permit Exhibit 548 at this stage of review. To the extent that Appellant must correct any citations in light of the Court's instant rejection of Exhibit 548, Appellant may do so in a supplemental brief.